IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARLENE HOWARD-MOORE　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　 *　　Civil No. – JFM-11-2838
　　　　　　　　　　　　　　　　　*
JOHN M. MCHUGH　　　　　　　　 *
　　　　　　　　　　　　　　　******

MEMORANDUM

Plaintiff has instituted this *pro se* action for employment discrimination.  Defendant has filed a motion to dismiss or to transfer for improper venue or, in the alternative, a motion for summary judgment.  Plaintiff has responded to the motion.[1]  Defendant's motion will be treated as one to dismiss for improper venue and, as such, will be granted.

Plaintiff's primary claims are for alleged employment discrimination practiced against her because of her national origin at the Walter Reed Army Medical Center in the District of Columbia.  Venue as to these claims properly lies in the District of Columbia.  *See* 42 U.S.C. §2000e-5(f)(3).[2]

Ordinarily, I would transfer this action to the District of Columbia rather than dismissing it.  *See generally* 28 U.S.C. §1406(a).  However, the transfer is appropriate only if the transfer is "in the interest of justice."  Plaintiff's employment discrimination claim based upon her former employment at Walter Reed is clearly time-barred.  Moreover, and that she has no viable claim

---

[1] Counsel for defendant has courteously advised the court that unless requested to do so, he does not intend to file a reply.

[2] Plaintiff's allegations also could be construed to assert claims under the Age Discrimination in Employment Act and under the Freedom of Information Act.  Arguably, venue in Maryland is proper as to these claims.  However, the "pendent venue" doctrine does not apply here under either the "specific venue provision" or the "primary claim" approach that different courts have applied.  *See generally*, *Harris v. Parsons Brinckerhoff Quade & Douglas, Inc.*, 2006 WL 1892399, at *2 (D. Md. June 28, 2006).  Here, the Title VII venue is the more specific one and, as previously indicated, plaintiff's primary claims are for employment discrimination allegedly based upon her national origin.

for the fact that she was not reemployed at Walter Reed because she could neither establish a *prima facie* case of employment discrimination nor prove that defendant's asserted reason for not employing her was not pretextual.  Therefore, it is not "in the interest of justice" that this action be transferred.

      A separate order granting defendant's motion is being entered herewith.


Date:   May 9, 2012

                                  /s/
                                J. Frederick Motz
                                United States District Judge